Good morning, Your Honors, and may it please the Court. Christy Hughes from Federal Defenders on behalf of Mr. De La Rosa. Your Honors, the government agrees here that Mr. De La Rosa is entitled to a remand in light of the District Court's miscalculation of the prior time that he spent in custody. And so, in order that Mr. De La Rosa doesn't spend an extra month in custody, this Court should vacate the sentence and remand for resentencing with instructions to the District Court that it not consider the cost of apprehension when it resentences Mr. De La Rosa. It's clear from the cases that the government cited in its brief and that Mr. De La Rosa cited in his 28-J letter that this District Court's general practice is to consider the cost of prosecution and apprehension when sentencing defendants who repeatedly re-enter the country. And here, the record reflects that that occurred. The District Court first read and quoted from the prior sentencing transcript in which it had told Mr. De La Rosa that it was going to consider the cost of apprehension, the paperwork costs of his repeated entries, and it never told the parties that it wasn't going to rely on that factor at this sentencing hearing. It never said that was an improper factor. But isn't that really a sin of omission? I read that transcript also. He does do that. The District Court does do that. He summarizes his prior comments. And it may be that the issue is not before us today that the comments at the original sentencing hearing were inappropriate in some way. I'm not saying that they were. As I said, the issue is not in front of us. But he summarizes his prior comments, and then my recollection is he turns to this question of the promise and the importance of the promise that the defendant made and how upset the judge is by the violation of that promise. He doesn't say anything about the costs, and then later at the hearing at pages 47 through 48, he goes through the factors that he's considering in sentencing the defendant for the probation violation, the number of times he's been apprehended, the speed with which he violated his promise, and so forth. So this question is becoming more long-winded than I meant it to. Is it the sin of omission? Did he have the obligation in that moment to say, well, I'm summarizing my prior comments, but I promise you I'm not considering that today? I don't think he had the obligation to do so, Your Honor, but the fact that he didn't, I think, is telling. So we know from those comments that the district court's problem with the 28 prior apprehensions is that the district court views this as a drain on public resources. So when he later, Your Honor quoted from ER 47, when he's later going through and focusing on those 28 apprehensions, we know that that bothers the district court because it views that as a drain on the public resources,  But if he, to follow up on Judge Tiger's question, if you're telling us that he doesn't have an obligation to say, and I'm not considering the prior apprehensions, how does a court tell him not to let it bother him? Could you repeat that, Your Honor? Yeah. Judge Tiger asked you whether Judge Burns had to say, and I'm not considering the cost of apprehension, even though I referred to it in my prior comments to you. And if he didn't have to do that, you said it's clear that it bothers him. So how are we supposed to tell him not to let it bother him? If we don't have an instruction, if we're not obligated to tell him that he's got to tell us that it's not letting him bother him. I think there's two other places in the record that make clear that it is bothering him, aside from the fact that he never disavowed reliance on that. Okay, so I've got page 16 of the transcript. It's 32 of one of the ERs. So where else did he refer to it? Well, I think that little aside, it starts at line 10, where he says the gist of that was, I'm not talking about what it costs to keep you in jail, but rather the resources with having to apprehend and do all the paperwork. That's not quoting from the prior transcript. That's Judge Burns explaining, oh, I wasn't improperly relying on the cost of imprisonment. What I was talking about is the cost of apprehension and doing paperwork. And implicit in that aside to the parties is, I still think that's a proper factor. I'm not going to rely on imprisonment, but I still think it's proper to consider the fact that we have to pay a certain amount. And I'm sorry, what page is that on? That's on ER 32, and it starts at line 10 to line 12. It starts with the gist of that. Yeah, okay, but it's all part of the same speech. Correct, but my point is just, it's the speech saying I'm not going to rely on cost of imprisonment. The speech was just too long. Well, no, I think he's showing here that his reasoning is it's okay to consider apprehension and paperwork. And then later on, on ER 41, the government explicitly asked him to consider the cost of apprehension. And the prosecutor says, as for the apprehension and the processing in the most recent case, not only did Mr. De La Rosa drive across and in a truck in the middle of the night, in the middle of the desert, then she says the chase is on. I mean, there's a whole paragraph starting at line 8 to line 23. Did you object? There was no objection, Your Honor. But Andrade Castillo and— I'm sorry, counsel. Could you, on this most recent reference, is that also on ER 32 or a different page? No, that's on ER 41. Thank you. We are on plain error on this issue, Your Honor. But Andrade Castillo and Escobar Escobar, the two cases that we 28J'd, were both also on plain error. And this court there found that the district court improperly relied on cost as a sentencing factor. But the prosecutor here has also said, look, he drove through the countryside, putting many people's lives in danger. He didn't say, look, we're wasting a lot of gas chasing this guy. I mean, he focused on people's lives being in danger and having to chase him across the desert. Well, I disagree, Your Honor. She says at line 19, and so as to the court's point about the amount of time and work and effort to apprehend and process somebody, Mr. de la Rosa, unlike a defendant that was in your court a little bit earlier, did not make it easy and just turned himself in at the port of entry. So I think really she's focusing on the district court's earlier point about the cost of apprehension. And in terms of Your Honor's point about plain error, this affected Mr. de la Rosa's substantial rights. The district court more than doubled his previous sentence. The previous sentence was 5 months. This was 12. Do you think that could have had something to do with the fact that the 5 months didn't cure him? It could have, Your Honor. But my point is just there's room between that 5 and 12 months for the district court to say, you know, maybe this was 8 months, maybe this was 9. But the two motivating factors for the district court's doubling of the prior sentence were the 28 prior apprehensions, which we know that Judge Burns views as a drain on the public resources, and the breach of the court's trust. Let's say I'm a trial judge and I'm adjudicating a probation violation, and I come to find out that the person before me has been arrested 28 times for the same thing, 28 liquor store robberies or 28 car thefts or what have you. If I don't care about the burden on the public fisc, I'm entitled to be concerned about the number of arrests, right? So we can, in other words, we could slice this a little more finely. Judge Burns is entitled to be concerned about the 28 arrests so long as the basis of the concern is not the burden on the public treasury and he's importing that concern into his sentencing decision. In terms of recidivism, he's entitled to consider this burden? No, just in terms of the person's obvious inability to comply with his commitment as a probationer to be of good conduct and obey all laws. I take it there's not a dispute with the proposition that as between two probationers, one of whom is before the court on his only probation violation ever and the other who is before the court on a violation but who's been not that long ago arrested 28 times for the same thing, the judge is entitled to sentence the second one more harshly. I understand your point and I agree with that, yes, but that's not what Judge Burns did here. Judge Burns focused on the drain on the public resources and the cost of paperwork and apprehension and not on Mr. De La Rosa's inability to comply. Unless the court has further questions, I'd like to... I do have one question. So what's your strongest authority for your proposition that it's improper for the court to consider the cost of apprehension? Well, Andrade Castillo was very clear on this point. That was one of the cases that we 28-Jed. That was almost an identical sentencing transcript. Judge Burns references draining the public resources, his duty to protect the public fisc. And again, this court found plain error in that case. And just as a heads up, there are two. There's Andrade Castillo I and II. This would be the earlier case, the 2014 case that we 28-Jed. Escobar-Escobar, though, also focuses on cost there. Judge Burns looked at the cost of a number of things. And Andrade Castillo came out when? One second, Your Honor. I think it was March. No, October 7, 2014. Okay. And the hearing here was when? The hearing here was September 2014. So that would have been before that? Correct. But plain error still applies. It's hard to be plain error if you didn't have a case that would tell you that it was wrong. Well, Your Honor, plain error applies if the case comes down while the appeal is pending. It doesn't have to be before the district court judge makes the error. And so we still satisfy the plain error standard here. Okay. Counsel, and I'm going to take and consume some of your time. I'm going to allow you at least a minute for rebuttal. Okay. Thank you, Your Honor. Good morning, Your Honors. Kevin Mottari for the United States. May it please the Court. The United States is asking for a limited remand to clarify, if necessary, correct the sentencing adjustment done under 7B1.1, the upward adjustment to take into consideration the previous time in custody. But this appears to be an arithmetic error or maybe a scrivener's error in that he wrote 184 instead of 154. Is that the problem? That appears to be the case, Your Honor, yes. We reviewed the record and weren't able to find any source for the additional 30 days. And that would be plain error. Certainly it's prejudicial. It's possible somebody just mistook a 5 for an 8. It's possible, Your Honor. That said, we're asking that the Court affirm the sentence otherwise. And I'll focus first on the procedural issue of whether the Court impermissibly and materially relied on an impermissible sentencing factor. And I don't think that's the case here. I think the Court, Your Honor, recognized that this is a colloquy that's going on in the underlying sentence. And the District Court is orienting the parties, the AOSA, who in this case is not the same as who handled the underlying sentencing, and is orienting all the parties, including the defendant, to say this is the promise that you made. You made the promise not to return. And he's really focusing everyone on that promise. Because although he mentions the prior transcript, the resources, the drain on resources, et cetera, he immediately then shifts to you made me a promise. And he focuses on a number of instances on the breach of that promise. In fact, he says repeatedly, you know, you looked me face-to-face, man-to-man, and you told me that you weren't going to return, and instead you did. So I think that's the focus of the Court. And, in fact, he goes on when he's actually explaining the reasoning for the revocation sentence, he goes at length. There's like two or three pages in the transcript that are explaining the exact reason, the breach of the trust, the egregious nature of the trust, not just the fact that he came back smuggling drugs, which I think is egregious by itself, but the Court is extra cautious to say, look, I've sentenced you for that. I understand that happened, but I'm really focused on the breach of your promise to me not to return, the fact that it was egregious in the nature that you returned nine months after you promised not to return. What is irrefutable on this record is that that's what the Court was really focused on. To address the comments of the Assistant United States Attorney who mentioned the fleeing on the truck, I think those are more than... You're referring to the comments at ER-41? Yes, the comments at ER-41. I have a couple of responses. First, the first time that that issue was even brought up is on reply, so we didn't have a chance to address it. But nevertheless, the Assistant United States Attorney there is focused on the abscontion, the fact that he's absconding, he's fleeing, the public risk that that arises out of that, not just to the Border Patrol agents who are having to now chase after an individual, first by truck, then by foot, but also to the public at large when that happens. Now, there is a mention of resources, but she's just really trying to talk about apprehension. I think if we're looking at plain error review, that is in plain error. I don't think that that constitutes plain error, nor is there any suggestion in the record after that that the Court really considered those comments. He essentially says, all right, that's fine, I've heard from you, but I'm really focused on this breach of trust, this breach of your promise, and that's what I'm focused here today. And that's what he then goes on and explains the reason for his sentence. The cases, the 28J letter and the Andrade-Castillo and the other cases that Appellant raises are readily distinguishable. First, we have to realize that this is a fact-by-fact determination. The question is whether there was material reliance by the District Court on the cost of apprehension or impermissible factors. And here it's very hard to say that the Court relied at all, let alone materially relied, on a plain error standard. The Court mentions it once, and while he's mentioning it, he does say, well, you know, I wasn't talking about, in that case, talking about incarceration. He tries to clarify what he was talking about before. But then that's it. That's the last time that any cost of apprehension, it's not even actually cost, he says resources, but anything about apprehension or drain on resources is ever mentioned. And he goes at length. There's four or five pages of transcript after that that discuss the real issue that he's concerned about, which is this is your 29th, 30th, 31st time that you've returned here, and I gave you a break. I gave you an opportunity to have probation, which is a huge break for someone who is facing otherwise a lengthy custodial sentence. And then he determined, he said, you know, I'm going to do this and I'm going to impose this sentence because of the breach of that trust. And I think that's ultimately what the court is focused on. In terms of substantive reasonableness, I know this issue doesn't come up as much, but the sentence here of 12 months is within guidelines. It's substantively reasonable because the court, in looking at the breach of that trust, went through the factors. He said, look, I'm considering the need for deterrence here. I'm considering the need, the fact that you breached my trust. And then fashioned the 12-month sentence. He also looked at the other sentence, the one for drug trafficking, where the appellant had received 60 months, and said, look, the sentence that I was going to give you is somewhat metered by the fact that I just gave you 60 months on that sentence, and so perhaps I can give you a fashionable sentence that's 12 months. It's less than maybe I would have given you otherwise. And then gives the 12-month sentence. I think that's also reasonable. If the court has any questions in terms of the other issues, the United States is prepared to submit unless the court has questions. I don't think so. Thank you, Mr. Moctari. Thank you. Ms. Hughes? I'll make a few quick points about plain error. First of all, the case name I was trying to think of, that plain error, something can be error if the governing legal authority comes down while the case is on appeal, is Henderson. It's a Supreme Court case. I think it's 133 S. Court 1121. Second of all, Andrade, though it did come down before, I'm sorry, after this hearing, it found plain error based on Tapia Romero. Tapia Romero has been in the law since 2008, so the district court was well aware of that case. And third, if this court believes that the record is ambiguous, whether or not Judge Burns relied on the cost of apprehension. I don't think it's ambiguous. I think it's perfectly clear that he didn't. All right. Well, I respectfully disagree. I expect you to. I expect you to. Let's assume he said nothing, merely sentenced as he did in this case. Would you have some ground to appeal? Well, I think the government encouraging the district court to rely on the cost of apprehension and the district court never telling the government that's improper, I'm not going to consider that. And then the district court. Ms. Hughes, if Judge Biby will indulge me. Oh, the clock's moving. I know I'm over time. Anyway, if Judge Biby will indulge me, I would actually like to hear your point about what if we think it's ambiguous, then what? Well, in Andrade Castillo, the court did find that the record was ambiguous, and so it remanned with the instructions to Judge Burns to clarify whether or not he relied on that improper factor. And if he did, to resentence. And so my hope is that this court is going to vacate and remand for resentencing based on the 30-day error anyway. And so it should also remand with instructions for district court Judge Burns to clarify whether or not he relied on the cost of apprehension, and if so, to resentence. And my third quick point is the government's asking just for this limited remand to correct, but that's not the general practice of this court. Under Matthews, when a district court errs at sentencing, the sentence is vacated and remanded for resentencing. There's no basis for a limited remand here. Thank you, Your Honors. Thank you, Ms. Hughes. We thank both counsel for the argument. De La Rosa Cruz is second.
judges: Farris, Bybee, Tigar